MARVIN, Judge.
Article 5, § 29, La.Const.1974, in part, requires that the coroner shall be a “licensed physician,” but that this requirement “. . . shall be inapplicable in any parish in which no licensed physician will accept the office.[1]
The issue presented is whether the appellant, who is licensed to practice medicine in Spain but not in Louisiana, may qualify as a candidate for coroner in Caddo Parish.
Appellant, a native-born citizen of the United States, received a degree as a Doctor of Medicine and Surgery from the University of Valladolid in Spain in 1974. He is a member of Southern Medical Association and the American Medical Association. He will not be eligible to be licensed in Louisiana until he has completed three years of training and has passed an examination as required by the Louisiana State Board of Medical Examiners.
Appellant filed papers to qualify as a candidate for coroner of Caddo Parish with the Caddo Parish Democratic Executive Committee. One other person, who is a physician licensed in Louisiana, qualified as *1127 a candidate. A member of the Executive Committee formally objected to appellant’s qualifications to be a candidate. After a hearing by the Executive Committee, this objection was overruled. Suit was then brought in the district court to declare appellant unqualified and to set aside the Executive Committee’s certification of appellant as a candidate. Judgment below was as prayed for and was appealed here.
In considering constitutional provisions, we employ the same rules and principles of construction which are applicable to statutes. Barnett v. Develle, 289 So.2d 129 (La.1974). The safest rule of legislative interpretation is to look to the nature and object of the provision under consideration, with all the light and aid of contemporaneous history, and to give the provision such operation and force as is consistent with its legitimate purpose. Tennessee Gas Transmission Co. v. Violet Trapping Co., 248 La. 49, 176 So.2d 425 (1965).
The term license has been defined as the formal permission granted by a sovereign to a person to pursue some occupation, without which license the pursuit of the occupation permitted by the license would be illegal. Ewell v. Board of Supervisors, etc., 234 La. 419, 100 So.2d 221 (1958).
The 1921 Constitution (Art. 6, § 12) contained a statement of public policy against the unqualified practice of medicine in Louisiana. A definition of licensed physician, however, is not found in either of the most recent constitutions (of 1921 or 1974), or in the revised statutes. R.S. 37:1261 et seq., which establishes the Louisiana State Board of Medical Examiners and regulates the practice of medicine in Louisiana, makes definite reference to unlicensed physicians in section 1284.
“Unlicensed physicians shall not be exempt from jury or military duty, or be permitted to collect any fees or charges for services rendered, or be allowed to testify as a medical or surgical expert in any court, or execute public or legal documents as a physician or surgeon, or hold any medical office, or be recognized by the state or parish or municipal corporation as a physician or surgeon; or be entitled to enjoy any of the privileges, rights, or exemptions granted to physicians or surgeons by the laws of this state.” R.S. 37:1284. (Emphasis supplied).
The privileges, rights and exemptions granted to physicians by the laws of this state (as mentioned in the above section) are granted to those physicians who hold the certificate issued under Title 37 by the Board of Medical Examiners. See R.S. 37:1273, 1278-1280. Provisions of this type had been in our law for more than a half century at the time the 1921 Constitution was adopted. See Act 56 of 1914.
Our review of the transcript of the deliberations of the 1974 Constitutional Convention compels us to conclude the delegates intended the coroner to meet essentially the same requirements as the 1921 Constitution provided. See Vol. XI, Transcript of Constitutional Convention, August 24, 1974, 36th day, pp. 64-73. We are also of the opinion that the term licensed physician had acquired definite meaning during the course of the state’s history since 1914 of certifying physicians to practice in Louisiana, as distinguished from unlicensed physician, the direct opposite term.
We also take notice that the provisions of the 1974 Constitution (similarly again to the 1921 Constitution) relating respectively to Judges, District Attorneys and the Attorney General, require that each, as a qualification, “. . . shall have been admitted to the practice of law in this state for at least five years . . . [2] These provisions also stem from the 1921 Constitution. Both Constitutions can be said to require particular public officers of the legal professions to have been licensed in Louisiana for a term of years, without imposing a similar requirement on the coro *1128 ner, a public officer, preferably of the medical profession. We conclude that the reason for the distinction is not that the convention delegates thought a physician licensed, say in Texas, would be acceptable as a coroner, while a lawyer admitted in Texas would not be acceptable as a judge or public attorney, but the distinction is that the delegates desired to require a minimum of five years experience in legal practice as a qualification for the other positions. We also take notice that the work of the 1974 Constitutional Convention was accomplished by committees and that ostensible differences in language in the several sections of the 1974 Constitution does not necessarily indicate substantive legal distinctions. Were it otherwise, the decision of who is and who is not a licensed physician (and thus qualified to be a candidate for coroner) would rest, not with a professional medical body, but with the party executive committees.
We hold therefore that licensed physician in Art. 5, § 29 of the 1974 Constitution means a physician licensed to practice medicine in Louisiana.
Appellant further contends the qualification provision (“The requirement that he be a licensed physician shall be inapplicable in any parish in which no licensed physician will accept the office.” Art. 5, § 29, La. Const.1974, in part), makes his eligibility for the office solely dependent upon the whim of licensed physicians within the parish and thereby deprives him of the equal protection guarantees of the federal and the state constitutions.
It appears the U.S. Supreme Court has recognized two approaches toward the issue. The most recent approach inquires whether the statutory provision in question either classifies persons on the basis of “suspect criteria” or arbitrarily infringes upon the “fundamental rights” of the complaining party. If either case (arbitrary infringement of fundamental right or classification upon suspect criteria) is present, it is incumbent upon the state to show a compelling state interest for the existence of the provision. In the absence of a finding of arbitrary infringement of a fundamental right or of classification on suspect criteria, the traditional equal protection approach is utilized. This approach requires the state to prove that the provision in question bears a rational relation to a valid legislative objective. See cases, infra.
Appellant contends in this respect that his classification as a non-physician as opposed to a licensed physician is based on suspect criteria, and that when the test of compelling state interest is inquired into, the test fails because the constitutional provision allows or provides that a non-physician (layman) may be eligible to serve as coroner where no licensed physician desires to seek the position.
The U.S. Supreme Court has found the following to be suspect criteria: Race: Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954); Alienage: Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971); Indigency: Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); and Illegitimacy: Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972).
Four justices held sex to be a suspect criteria in Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973). A physician-non-physician class is not based on the suspect criteria which have been recognized. Likewise, appellant does not contend that the qualification provision violates any of his fundamental rights. The compelling state interest test then, is not applicable as appellant ingeniously contends.
The provision in question does not violate the equal protection clause when measured by the traditional rational-basis test. A licensing requirement for coroner is rationally related to the valid governmental objective of having professionally qualified people in the office. The Constitution provides for non-physician coroners only in parishes where no licensed doctor qualifies for the office.
“In applying that clause, this Court has consistently recognized that the Four *1129 teenth Amendment does not deny to States the power to treat different classes of persons in different ways, [cites omitted]. The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification ‘must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.’ Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920).” Reed v. Reed, 404 U.S. 71, 75-76, 92 S.Ct. 251, 253-254, 30 L.Ed.2d 225 (1971).
In Bonomo v. Louisiana Downs, Inc., 337 So.2d 553, 557 (La.App.2d Cir. 1976) we said:
“The federal and state authorities prohibit any discrimination based on race, religion or national ancestry. They do not prohibit discrimination based on other reasons which are not arbitrary, capricious, or unreasonable, or which are not applied in that fashion, under particular circumstances which may be in question.”
The difference in qualification requirements is not arbitrary but rather is a rational distinction based on the distribution of physicians in this state. Aware of both the need for licensed physicians in the coroner’s office and the scarcity of physicians in some parts of the state, the constitutional redactors devised a rational scheme for the qualification of coroner candidates. We hold the provision does not deny appellant the equal protection of the law.
At appellant’s cost, judgment is
AFFIRMED.

. This section is similar to the provisions of Art. 7, § 71, La.Const.1921, which stated that the coroner shall be “. . .a doctor of medicine, regularly licensed to practice.”

. The quoted provision is from Art. 5, § 24, “Judges; Qualifications.” Almost identical language is found for the Attorney General (Art. 4, § 2) and for District Attorneys (Art. 5, § 26).